IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DIVINE SHAKIM WHEELER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:25CV214 |
| ALBERT KING, | ) ) ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Guilford County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Albert King, an officer at the Detention Center, as the only Defendant by alleging that he wrongfully confiscated a religious book mailed to Plaintiff. Plaintiff seeks actual damages for the cost of the book as well as punitive damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

The Complaint alleges that Defendant intercepted a book ordered for Plaintiff by his family, deemed it to be contraband, and took it.  Plaintiff seeks $10.64 as actual damages for the value of the book.  The Complaint also claims without explanation that Defendant's

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

taking of the book interfered with his right to study his religion and seeks $9,500 in punitive damages.

Plaintiff filed an earlier Complaint based on the same set of events and containing similar allegations, but the Court dismissed that case without prejudice because Plaintiff did not clearly set out his claims. Wheeler v. King, No. 1:25CV64, Docket Entry 3, (Feb. 10, 2025) (unpublished), rec. adopted, Docket Entries 5, 6 (Mar. 7, 2025 M.D.N.C.) (unpublished). As the Court informed Plaintiff in the earlier Order and Recommendation, where a post-deprivation remedy is available under state law for deprivation of property, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Further, prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 based on the deprivation or seizure of his property. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v. Burke County Sheriff's Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). As the Court also previously informed Plaintiff, he must seek any remedy in the state courts for property-related claims. Nevertheless, Plaintiff persists in bringing a claim in the current action based on the value of the confiscated book. For the reasons just stated, this claim should be dismissed without prejudice to Plaintiff pursuing the claim in the state courts if he chooses to do so.

As for Petitioner's contention that Defendant's actions interfered with his right to study his religion, the Court earlier informed Plaintiff that to state a claim based on interference with the practice of his religion he must allege facts demonstrating that he holds a sincere religious belief and that the action or policy he challenges places a substantial burden on his ability to practice his religion. Wilcox v. Brown, 877 F.3d 161, 168 (4th Cir. 2017). Rather than do this, such as by including facts demonstrating that Defendant's actions caused Plaintiff to modify his behavior and violate his beliefs, see Jehovah v. Clarke, 798 F.3d. 169, 176-79 (4th Cir. 2015), the current Complaint alleges only that Plaintiff is "of IFA faith," that Defendant "is depriving [Plaintiff of his] right to study [his] religion," and that Defendant "is doing this by intercepting [Plaintiff's] book from [the] mail room." (Docket Entry 2, § II(B).) The Complaint is devoid of any facts regarding the nature of Plaintiff's religious practices, how the confiscated book relates to them, or how its absence changed or interfered with Plaintiff's practice of the religion. The Complaint is entirely conclusory and insufficient to state any claim for relief despite the Court having already provided Plaintiff with an opportunity to correct the issue with the prior Complaint. Therefore, the current claim should be dismissed for failure to state a claim upon which relief may be granted. It is possible that Plaintiff may be able to amend his Complaint to state a claim. The dismissal should be without prejudice to Plaintiff attempting to do so if he chooses.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $37.33. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $37.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, but without prejudice to Plaintiff pursuing any claim based on a loss of property in the state courts and without prejudice to Plaintiff amending his Complaint if he can state a proper claim for relief regarding any alleged substantial burden on his religious practices.

This, the 1st day of April, 2025.

                                                /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                      **United States Magistrate Judge**